1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

JOHNNY LOUIS RAMIREZ,

Petitioner,

v.

CLARK E DUCART, Warden,

Respondent.

)
)
)
)
)
)
)
)
)
)
)

NO. EDCV 15-2054-VAP (AGR)


ORDER ACCEPTING FINDINGS
AND RECOMMENDATION OF
MAGISTRATE JUDGE

18
19
20
21
22
23

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended
Petition for Writ of Habeas Corpus, the other records on file herein, the Report
and Recommendation ("Report") of the United States Magistrate Judge and the
Objections.  Further, the Court has engaged in a *de novo* review of those portions
of the Report to which objections have been made.  The Court accepts the
findings and recommendation of the Magistrate Judge.

24
25
26
27
28

        Petitioner argues that the Report's discussion of Ground One is legally
incorrect under *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).  (Report at 17-21.)
In *McCoy*, the Supreme Court held that "a defendant has the right to insist that
counsel refrain from admitting guilt, even when counsel's experience-based view
is that confessing guilt offers the defendant the best chance to avoid the death

penalty." *Id.* at 1505.  Petitioner argues that *McCoy*'s holding supports his contention in Ground One that the trial court improperly denied his *Marsden*[1] motions because *McCoy* now gives the criminal defendant "the right to make the tactical choices" as to what "evidence to present and investigate, and trial strategies to pursue." (Obj. at 4, 11.)  Petitioner misreads *McCoy*.  Contrary to Petitioner's argument, *McCoy* makes clear that "[p]reserving for the defendant the ability to decide whether to maintain his innocence should not displace counsel's, or the court's, respective trial management roles." *McCoy*, 138 S. Ct. at 1509.  "Trial management is the lawyer's province:  Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'" *Id.* at 1508 (citation omitted); *Id.* at 1509 ("'[n]umerous choices affecting conduct of the trial' do not require client consent, including 'the objections to make, the witnesses to call, and the arguments to advance'") (quoting *Gonzalez v. United States*, 553 U.S. 242, 249 (2008)); *see also Carter v. Davis*, 946 F.3d 489, 508 (9th Cir. 2019) (noting Supreme Court has never held that irreconcilable conflict with attorney over trial strategy constitutes denial of right to effective counsel).

Petitioner argues in his objections that the trial court's *Marsden* hearings were deficient.  Petitioner contends that the trial court's inquiry "left many questions unanswered" (Obj. at 11), but the record of the hearings belie his assertion.  Petitioner's citation to *United States v. Musa*, 220 F.3d 1096 (9th Cir. 2000), is inapposite.  The court in *Musa* "made no inquiry at all." *Id.* at 1102.

In support of Ground Four based on witness identification, Petitioner files a motion to expand the record to include Exhibit 15, consisting of (1) the last page of a police report by S. Barron dated July 23, 2010 indicating Serge identified

---

[1] *People v. Marsden*, 2 Cal. 3d 118 (1970).

1   Petitioner in a photographic six-pack with unidentified handwriting; (2) a

2   photographic six-pack with names and numbers underneath each photo and

3   unidentified handwriting; and (3) the last page of a police report by D. Caballero

4   dated July 23, 2010.  (Dkt. No. 80 at 4-6.)  The photographic six-pack is already

5   attached to the First Amended Petition ("FAP").  (*Compare* FAP, Dkt. No. 68-3 at

6   35 *with* Dkt. No. 80 at 5.)  The three documents do not alter the analysis in the

7   Report even if they are considered.  The Report assumed that police showed the

8   victim, Mr. La Lanne, a suggestive photographic six-pack.  (Report at 22.)[2]

9   Petitioner argues that his case is "in line" with the Supreme Court's decision in

10  *Manson v. Brathwaite*, 432 U.S. 98 (1977).  *Brathwaite* involved an identification

11  from a single photograph, which is generally viewed with suspicion.

12  Nevertheless, based on the circumstances, the Supreme Court did not find a

13  substantial likelihood of irreparable misidentification and concluded "such

14  evidence is for the jury to weigh."  *Id.* at 116; Report at 21-23.

15         Finally, Petitioner complains that the Report's discussion of Ground Five is

16  incomplete because there is an unnamed witness in Exhibit 6 to the FAP that

17  Petitioner believes is not Mahler or Haire.  (Obj. at 16.)  Exhibit 6 is a

18  communication from defense counsel to the investigator asking him to listen to

19  the interview he just received of a witness who could not identify Petitioner from a

20  photographic lineup.  (Dkt. No. 68-3 at 37.)  Petitioner's belief that the witness is

21  someone who has not been identified is speculative and does not support an

22  ineffective assistance of trial counsel claim.

23         Petitioner's remaining objections are without merit.

24

25  _____

26         [2]  Neither Mr. La Lanne nor Officer Barron was questioned about a
    photographic six-pack at trial.  It is unknown whether Mr. La Lanne would testify
27  that he saw a photographic six-pack and, if so, whether he saw the photographic
    six-pack attached to Petitioner's motion with names and numbers underneath
28  each photograph.

1    IT THEREFORE IS ORDERED that judgment be entered denying the

2  Petition for Writ of Habeas Corpus and dismissing this action with prejudice.

3  Petitioner's motion to expand the record is denied as unnecessary.

4

5

6  DATED: April 17, 2020

7                                                VIRGINIA A. PHILLIPS
                                                  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28